**Juan ARAUJO–LOPEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22705.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1969.

Ross Anderson (argued), Phoenix, Ariz., for appellant.

Daniel Salcito (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., John P. Moran, Phoenix, Ariz., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Defendant was convicted of the sale of heroin to government agents, knowing it to have been illegally brought into the

United States. While the sale took place near the Mexican border, the heroin was not then being smuggled across. The sale was arranged, and the purchase money received, by a codefendant who pleaded guilty to a lesser offense and testified against appellant.

Considering the evidence in its most favorable light to the Government, as we must on this appeal, we can find in the record no satisfactory proof of any possession, either actual or implied, of the heroin in appellant, or of any knowledge in appellant that it had been illegally imported. The absence of proof of such possession prevents the application of the presumption of illegal importation contained in the second paragraph of 21 U.S.C. § 174.

Appellee urges there are three factors present which allow, if they do not compel, an inference of possession—*first*, that the appellant was present at the scene of the transaction, *second*, that the appellant fled at the time of his codefendant's arrest, and *third*, that the codefendant referred to appellant as his "partner."

Mere presence at the scene, alone, proves nothing as to possession of or dominion over the narcotic. United States v. Di Re, 332 U.S. 581, 593, 66 S. Ct. 222, 92 L.Ed. 210 (1948); Glenn v. United States, 271 F.2d 880, 883 (6th Cir. 1959). Flight might infer a guilty conscience or even a participation in a sale, Burroughs v. United States, 365 F.2d 431 (10th Cir. 1966); United States v. Bostic, 251 F.Supp. 306 (E.D. Pa.1966), but does not supply the missing proof of possession and the resulting missing presumption of knowledge of importation. A "partner" can mean many things—a "partnership" usually refers to a lawful relationship.

None of the appellant's other points on appeal have merit, but we conclude the evidence is just too thin to support the conviction. We reverse and remand for such further proceedings as are deemed appropriate.