**Harry Lewis EGNER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1443.**

Supreme Court of Alaska.

April 17, 1972.

---

Herbert D. Soll, Public Defender, Lawrence J. Kulik, R. Collin Middleton, Asst. Public Defenders, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Harold M. Brown, Dist. Atty., Ketchikan, for appellee.

Before BONEY, Chief Justice, RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, Justices.

## OPINION

PER CURIAM.

Appellant Harry Egner was charged with the misdemeanor offense of unlawful control of a "stimulant, hallucinogenic, and depressant drug, . . . cannabis, commonly known as marijuana or hashish."[1] After trial to the district court without a jury, Egner was found guilty and sentenced to imprisonment for a period of 180 days with 140 days suspended. Egner then appealed to the superior court where the matter was determined on the record. The superior court affirmed Egner's conviction and this appeal followed.

Egner contends that the evidence was insufficient to support the district court's determination of guilt. Viewing the evidence and the inferences to be drawn therefrom in a light most favorable to the prosecution, we are unable to conclude that Egner's guilt was proved beyond a reasonable doubt. More particularly, the government's proof failed to show, beyond a reasonable doubt, that Egner knowingly controlled the drug in question.[2]

In the case at bar the state's evidence showed that customs officers in Ketchikan asked the city police to join them while they examined a package sent from Canada to a Mr. Faddis who shared a post office box with Joseph Howes. Inside the package was a candle, in whose base were imbedded a baggy-wrapped package of "hashish-like material" and a note. At the time of this joint inspection, a field test was conducted of the substance revealing that "it contained a cannabis material." The contents and package were then put back together again. Thereafter, the Ket-

1. AS 17.12.010 provides in part that "it is unlawful for a person to . . . have under his control . . . a depressant, hallucinogenic or stimulant drug." Under AS 17.12.150 "depressant, hallucinogenic or stimulant drug" means "cannabis and every other substance having similar physiological effects." AS 17.12.110(a) provides:

A person who violates a provision of this chapter relating to the posses-

sion or control of depressant, hallucinogenic and stimulant drugs, when his possession or control is for his own use, is guilty of a misdemeanor and upon conviction is punishable by imprisonment for not more than one year, or by a fine of not more than $1,000, or by both.

2. Tarnef v. State, 492 P.2d 109, 117 (Alaska 1971); Beck v. State, 408 P.2d 996, 997 (Alaska 1965).

chikan police took the package to the post office where watch was kept until it was picked up. Egner's co-defendant, Joseph Howes, arrived and picked up the package. He had come to the post office with Lois Kalban, also a co-defendant.[3] After Howes picked up the package, Egner, Howes and Kalban spent several hours driving in and around Ketchikan carrying out various errands. Egner did the driving. During this period they were kept under surveillance almost constantly, although the Ketchikan police did lose sight of them from time to time. In a search purportedly made incident to their arrest, Howes and Kalban were found to have marijuana on their persons; none was found on Egner. The package was observed in an open condition on the back seat of the vehicle that Egner was driving at the time the three were arrested.

 Mere presence at the scene, alone, is insufficient to prove knowing control[4] of the prohibited substance.[5] Here the state's evidence did not show by whom the package had been opened, when the package had been opened, or that Egner was in the car when the package was opened. Additionally, the state's evidence did not show that at any pertinent time Egner, with knowledge of the contents of the package, exercised or had the right to exercise control over the package. Given these gaps in the prosecution's proof, we hold the evidence insufficient to prove beyond a reasonable doubt Egner's knowing control of hashish or marijuana.

The judgment of the superior court affirming the judgment of the district court is reversed and the case is remanded to the superior court with directions to remand to the district court for the purpose of entering a judgment of acquittal as to appellant Harry Egner.

Reversed.

3. The appeals of co-defendants Howes and Kalban will be treated in a separate opinion since different issues are involved in their appeals.

4. Judd v. State, 482 P.2d 273, 280 (Alaska 1971).

5. Araujo–Lopez v. United States, 405 F.2d 466 (9th Cir. 1969).