**Gary E. WINTERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5096.**

Court of Appeals of Alaska.

June 25, 1982.

---

Eric Safire Allan Beiswenger, Asst. Public Defenders, Kenai, and Brian Shortell, Public Defender, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Winters was tried and convicted of sale of an hallucinogenic, depressant or stimulant drug (marijuana) to a minor. AS 17.-12.010,[1] AS 17.12.110,[2] and AS 17.12.150.[3]

---

**1.** AS 17.12.010 reads as follows:

*Acts prohibited.* Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply, or distribute in any manner, a depressant, hallucinogenic, or stimulant drug.

**2.** AS 17.12.110(c) provides in relevant part:

A person who violates a provision of this chapter by selling or otherwise disposing of a depressant, hallucinogenic or stimulant drug to a person less than 19 years of age is guilty of a felony and upon conviction is punishable by imprisonment for any term of years or life, or by a fine of not more than $25,000, or by both.

**3.** AS 17.12.150 provides in relevant part:

*Definitions.* In this chapter

(3) "depressant, hallucinogenic or stimulant drug" means:

He appeals raising several issues, including one we find dispositive: his contention that his arrest for the misdemeanor offense of contributing to the delinquency of a minor (former AS 11.40.130(a);[4] AS 11.40.150[5]), was not supported by probable cause and that, therefore, the trial court erred in denying his motion to exclude from evidence at his trial, any admissions made by him immediately after his arrest. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). We agree and reverse for a new trial.

■ Construing the evidence most favorably to the state, at the time of Winters' arrest the arresting officer knew that Winters was nineteen (an adult under Alaska law) and had been present at a party attended by minors. Apparently Winters was the only adult there when the police arrived and a strong odor of marijuana was in the air. When he arrested Winters, the officer had no additional information connecting Winters with the marijuana and the minors.

Furthermore, the officer had no information that Winters was the owner of the house or more responsible for it than several other occupants. We do not believe Winters' presence, standing alone, was sufficient to establish probable cause to believe that Winters had contributed to the delinquency of the minors in violation of AS 11.40.130(a). *A fortiori*, we find no basis for a finding of probable cause to believe that Winters had committed the felony of contributing to the delinquency of a minor, *see* former AS 11.40.130(b),[6] or the crime of which he was ultimately convicted, transfer of a hallucinogenic drug, AS 17.12.010.

We reach this conclusion, recognizing that a minor's use of marijuana is a misdemeanor and, therefore, a violation of law establishing his delinquency. We further recognize that the minors were using marijuana and Winters was present and aware of that use. *See Egner v. State*, 495 P.2d 1272 (Alaska 1972)[7] where the court held

(A) cannabis ...
(4) "cannabis" includes all parts of the plant Cannabis Sativa L ....
(7) "sale" includes barter, exchange, gift, or offer for one of these, made by any person, whether it is principle, proprieter, agent, servant, or employee.

4. Former AS 11.40.130(a) provides:
*Contributing to the delinquency of child.* (a) A person who commits an act, or omits the performance of a duty, which causes or tends to cause, encourage or contribute to the delinquency of a child under the age of 18 years, is guilty of a misdemeanor.

(b) A person who by threats, command or persuasion, endeavors to induce a child under the age of 18 years to perform an act or follow a course of conduct which would cause or manifestly tend to cause him to become or remain a delinquent is guilty of a felony, and upon conviction is punishable by imprisonment for not less than one year nor more than two years.

5. Former AS 11.40.150 provides in relevant part:
*Delinquent defined.* For the purpose of § 130 of this chapter, a child is a delinquent if he is under the age of 18 years and
(1) violates a law of the United States, or the state, or an ordinance of a city or town;
....

(12) is guilty of or takes part in or submits to an immoral act or conduct; or
(13) is addicted to the habitual use of intoxicating liquor or a drug.
The statute violated by the minors was AS 17.12.110(d)(4) which provides:
A person who ... (4) while under the age of 18, possesses, controls or uses any amount of marijuana is, upon conviction, guilty of a misdemeanor punishable by a fine of not more than $1,000.

6. *See* former AS 11.40.130(b) set out in footnote 4.

7. We realize that among the amendments to Title 11, effective January 1, 1980, which repealed AS 11.40.130(a) and AS 11.40.150, was AS 11.51.130(a)(3), which specifically included in the definition of "contributing to the delinquency of a minor" permitting a child under 18 to enter or remain in a building where the unlawful sale of a drug occurs. Alaska Statute 11.81.900(b)(16)(B) defined "drug" to include cannabis (marijuana). *See* AS 11.81.900(b)(4) which incorporates AS 17.12.150. As previously indicated, under our law a gift or exchange of marijuana is a "sale". AS 17.12.150(7).

AS 11.51.130(a)(3) was later amended to substitute "aids, induces, causes or encourages" for "permits," because the legislature concluded that "permits" was overbroad. *See* 1980 Senate Journal, Supplement No. 44 at 12. Even if we were to conclude that this language

that mere presence was insufficient to prove knowing control.

Our conclusion makes it unnecessary for us to determine whether Winters' conduct, whatever it was, took place in the presence of the arresting officer as is required to validate a misdemeanor arrest. *See Howes v. State*, 503 P.2d 1055 (Alaska 1972).

In reaching our decision on the validity of the arrest we intentionally limited our consideration of the evidence to what was known to the arresting officer at the time of the arrest. *Cf. Rosa v. State*, 633 P.2d 1027 (Alaska App.1981) (only information contained in the affidavit in support of the search warrant may be considered). Additional evidence which came to the arresting officer's attention after the arrest will be subsequently discussed.

■ Winters clearly made inculpatory statements after his arrest. For instance, he admitted giving Todd Slaughter, a minor, marijuana. The state does not contend that any intervening event establishes that these statements were an act of free will, unaffected by the illegal arrest. The failure to grant the motion to suppress was therefore error. *See Brown v. Illinois.* We can not say that the use of the statements was harmless beyond a reasonable doubt. *See Rubey v. City of Fairbanks*, 456 P.2d 470, 477 (Alaska 1969). We therefore reverse.[8]

Our disposition does not eliminate the need to review Winters' claim that he should have been granted a directed verdict of acquittal under Alaska Criminal Rule 29 at the close of the prosecution's case. We must still determine whether the evidence at the first trial was insufficient to convict. If so, the defendant cannot be retried. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *reh'g denied* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). The test we must apply in ruling on motions for acquittal has been frequently stated in Alaska Supreme Court decisions. The test is, viewing the evidence in the light most favorable to the state, could fair-minded jurors, exercising reasonable judgment, differ on the question whether the defendant was guilty beyond a reasonable doubt. *Ladd v. State*, 568 P.2d 960 (Alaska 1977) *cert. denied* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978);[9] *Gray v. State*, 525 P.2d 524, 526 (Alaska 1974).

Defendant mounts two attacks on the judgment. First he contends that the evidence was insufficient to establish that what he gave to Slaughter was marijuana in any form, and second, if it were marijuana, he contends the evidence was insuffi-

was declaratory of the law existing in July 1979, *see Holton v. State*, 602 P.2d 1228, 1234–37 (Alaska 1979), we would still conclude that an adult's mere presence at a party where minors used marijuana was insufficient to show that that adult was contributing to their delinquency. We note that Winters did not have exclusive possession of the house in question. It is not clear from the record that the officer had knowledge that Winters hosted the party, invited the guests or supplied any marijuana to anyone prior to arresting Winters. Finally, there is no evidence that Winters stood *in loco parentis* to any minor present or was otherwise legally responsible for his or her behavior.

8. Between the time of his arrest and his trial, Winters made a number of additional statements which were used against him. We express no opinion regarding the effect of our decision on the admissibility of those subsequent statements. The state should be given an opportunity to justify their use consistent with the test adopted in *Brown v. Illinois*, discussed in the text.

9. We have evaluated the sufficiency of the evidence as of the time the motion was made, including various admissions by Winters which were testified to by him and the officers. Whether any of Winters' admissions, including his trial testimony, will survive a *Brown v. Illinois* hearing is a matter we do not address. *See Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

We believe Slaughter's testimony regarding the appearance of the "joints" in question, the manner of their storage and the fact of their use at a party in which marijuana was definitely used, is sufficient to establish the *corpus delicti* of the crime and to warrant admissibility of Winters' admissions, if they are otherwise admissible. See *Castillo v. State*, 614 P.2d 756, 759 (Alaska 1980), where the court stated that the *corpus delicti* doctrine does not require proof that the criminal activity was that of the defendant.

cient to establish that it was Cannabis Sativa L., the only kind of marijuana (in his opinion) prohibited by AS 17.12.150(3)(A) and AS 17.12.150(4). We will deal with these arguments in turn. The evidence introduced at trial when viewed most favorably to the state establishes the following.

■ On June 21, 1979, the defendant, Gary E. Winters, turned nineteen. In honor of his birthday, Todd Slaughter, a fifteen-year-old minor, had a party at the residence where Winters, Slaughter and Slaughter's mother were residing. Slaughter's mother, who worked during the day, was unaware of the party. That morning before going to work, the defendant gave Slaughter three cigarettes which he called "joints." Slaughter placed the cigarettes on the counter downstairs in the garage that served as Winters' bedroom. Slaughter testified that he thought the joints contained marijuana but that he never smoked them. He testified that he saw one joint smoked at the party by "Larry," who was about twenty years old, but that he did not know what happened to the other two joints. Slaughter testified that numerous joints were smoked at the party, both upstairs in the main residence and downstairs in the garage/bedroom, and that some guests brought their own marijuana.

Winters was not home from work when the joint was smoked by "Larry." Winters arrived at the party between 5 and 8 p.m. and Slaughter said the joints in question were smoked in the afternoon prior to Winters' return. Slaughter testified that Winters specifically handed the joints to him in the morning. Winters admitted at trial that on the night of the party he had told Officer Cordle that he had given Slaughter and his friends marijuana. Slightly contradicting Slaughter's testimony, Winters stated that he had left the marijuana on the counter in the garage and by leaving it on the counter he meant that the marijuana was for Slaughter. On redirect Winters said, "I left it there" implying that he did not intend to leave it for a specific individual.

Lt. Mahurin, of the Kenai Police Department, testified that he had a conversation with Gary Winters about three days after Winters' arrest on this offense. In that conversation Winters said that he thought his arrest was unfair because the marijuana in question was partly Todd's and that he had used part of Todd's money to buy the marijuana. Lt. Mahurin believed that Winters had referred to the substance as "pot." No scientific tests were ever performed on the substance. The joints were either consumed or disappeared some time before Officer Cordle's arrival and no marijuana was seized pursuant to the arrest of Winters. Neither Winters nor Slaughter testified that they had seen or tasted the substance rolled in cigarette papers. Neither felt the effects of the substance. Both, however, testified that they assumed that the cigarettes were marijuana because they looked like marijuana cigarettes, were purchased by Winters as marijuana cigarettes and Slaughter saw them smoked as if they were marijuana cigarettes.

Viewing the circumstantial evidence most favorably to the state, we believe a fair-minded jury could have found beyond reasonable doubt that Winters transferred marijuana to Slaughter.

■ Winters next contends that AS 17.12.010 only prohibits the transfer of depressant, hallucinogenic or stimulant drugs, which are defined in relevant part to include "cannabis" AS 17.12.150(3)(A), which in turn is defined to include parts derivative of the plant Cannabis Sativa L., AS 17.12.-150(4). However, Winters argues that there are varieties of the cannabis plant which are distinguishable botanically, but which are indistinguishable in their psychotropic effects and appearance from Cannabis Sativa L., e.g., Cannabis Ruderalis or Cannabis Indica. Consequently, Winters concludes, even if he did transfer marijuana cigarettes to Slaughter, in the absence of a seizure of the substance in question, scientific testing and expert testimony that the "joints" in question were Cannabis Sativa L., he could not be convicted of AS 17.12.-010. We disagree. In line with the great weight of authority we conclude that the legislature intended to ban the transfer of

all forms of marijuana and all variants of the cannabis plant. *See, e.g., United States v. Kelly*, 527 F.2d 961, 964 (9th Cir. 1976); *People v. Van Alstyne*, 46 Cal.App.3d 900, 121 Cal.Rptr. 363, 373–74 (1975) *cert. denied*, 423 U.S. 1060, 96 S.Ct. 798, 46 L.Ed.2d 652 (1976).[10]

Therefore the trial court did not err in denying the motion for judgment of acquittal and in refusing to instruct the jury regarding different variants of marijuana (cannabis).

The judgment of the superior court is REVERSED and the case REMANDED for trial.

**10.** One additional point merits brief attention. Winters argues that the prosecutor committed prejudicial error in failing to inform the grand jury of the following letter of legislative intent included in 3 House Journal 1263–64 (1975).

The Conference Committee (with powers of Free Conference) which has had Sponsor Substitute for Senate Bill 350 and House Committee Substitute for Sponsor Substitute for Senate Bill 350 amended in the House (An Act relating to penalties for unauthorized possession and control of certain drugs) under consideration, offers the following report: The Free Conference Committee has taken action to omit one provision added in the House, which is objectionable to members of the Senate, the new subsection (g), which appears at lines 25 and 26 in page 2 of the bill as it was amended on the floor of the House. The present law, which states that a "gift" of marijuana may be considered a "sale" in certain instances has never been

nor was ever intended to be applied to cases where small amounts of marijuana have been transferred with no present or future profit motive in mind, and the Committee believes that no specific amendment to the law is necessary.

We find no error in the prosecutor's failure to disclose this letter to the grand jury. The grand jury's function is to find facts, not to interpret the law. Hence, the letter of intent was irrelevant to any function to be performed by the grand jury. If Winters is arguing that the statute is ambiguous and that the legislative history, including the letter of intent, eliminates the ambiguity so that absent a profit motive the law does not treat transfers of small amounts of marijuana as criminal, we disagree. The statute clearly prohibits gifts of marijuana. AS 17.12.010; AS 17.12.150(3)(A) and (4); AS 17.12.150(7). Thus there is thus no need for interpretation.