NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| BRANT JOSEF NATORI MARSHALL, | Court of Appeals No. A-12131 |
| Appellant, | Trial Court No. 3AN-13-7939 CR |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Appellee. | No. 2627 — December 14, 2018 |

Appeal from the District Court, Third Judicial District, Anchorage, Pamela Scott Washington, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Thomas J. Aliberti, Assistant District Attorney, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge. [*]

Judge ALLARD.

---

[*]  Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Brant Josef Natori Marshall was convicted, following a jury trial, of second-degree failure to register as a sex offender.[1] One of the elements of this crime is that the defendant is, in fact, a convicted sex offender who is required to register as a sex offender under AS 12.63.010.[2]

At the beginning of Marshall's trial, Marshall's attorney offered to stipulate to this fact. The defense attorney explained that Marshall was not disputing that he was required to register; instead he was disputing only that he had knowingly failed to comply with the registration requirement. The defense attorney further explained that her reason for proposing this stipulation was to prevent the prosecution from entering the judgment for Marshall's underlying sex offense into evidence, thereby preventing the jury from learning that Marshall had been convicted of sexual abuse of a minor.

The prosecutor agreed to the proposed stipulation, and the trial court subsequently instructed the jury on the stipulation. The jury was also separately instructed on their obligation to find all the elements of second-degree failure to register as a sex offender beyond a reasonable doubt, including the element that was the subject of the stipulation. Following deliberations, the jury convicted Marshall of the charged offense.

On appeal, Marshall argues that the stipulation effectively removed an element from the jury's consideration and it was therefore error for the trial court to instruct the jury on the stipulation without first obtaining Marshall's personal waiver of his right to a jury trial on the element covered by the stipulation. Marshall further argues

---

[1] AS 11.56.840.

[2] *See Hinson v. State*, 377 P.3d 981, 984 (Alaska App. 2016).

that the failure to obtain his personal jury trial waiver was structural error, entitling Marshall to automatic reversal of his conviction without any showing of prejudice.[3]

For the reasons explained in this opinion, we disagree with Marshall that the stipulation removed an element of the charged offense from the jury's consideration, and we find no error in the trial court's handling of the stipulation.

Marshall also separately argues that the trial court erred when it failed to *sua sponte* instruct the jury that Marshall could not be convicted of failure to register if his failure to act was "the result of mistake, inadvertence, or negligence."[4] We find no merit to this claim, given how this case was litigated and argued to the jury.

*Background facts and prior proceedings*

Marshall is a convicted sex offender who has been required to register as a sex offender on an annual basis since June 2000. Marshall's underlying sex offense was for second-degree sexual abuse of a minor. Marshall was in compliance with his registration requirements until June 2013, when he failed to submit his annual registration. Marshall had filed a change of address form with the Department of Public Safety the previous summer, indicating that he was homeless.

Approximately a month after Marshall failed to file his June 2013 annual sex offender registration, Marshall was a passenger in a car that was pulled over for a traffic stop. The officer who was conducting the stop recognized Marshall's name and was aware that Marshall was a sex offender who was out of compliance with his

---

[3] *See Jordan v. State*, 420 P.3d 1143, 1148 (Alaska 2018) (defining structural errors as errors that defy harmless error analysis because they "affec[t] the framework within which the trial proceeds, and are not simply an error in the trial process itself") (internal citations omitted).

[4] *Cf. Moffitt v. State*, 207 P.3d 593, 600 (Alaska App. 2009).

registration requirement. After confirming that Marshall was out of compliance, the officer confronted Marshall about his registration status. According to the officer's later testimony, Marshall responded with a series of statements indicating that "he didn't agree with the registration requirements, and so he purposefully stayed homeless." Marshall was arrested and charged with second-degree failure to register as a sex offender, a class A misdemeanor.[5]

Alaska Statute 11.56.840(a) states, in pertinent part, that a person commits the crime of second-degree failure to register as a sex offender if the person "(1) is required to register under AS 12.63.010; (2) knows that the person is required to register under AS 12.63.010; and (3) fails to ... file the annual or quarterly written verification."[6] A person is required to register as a sex offender under AS 12.63.010 if they have been convicted of a sex offense as defined in AS 12.63.100(6).[7]

At the beginning of Marshall's trial, Marshall's attorney offered to stipulate to the first element — that is, she offered to stipulate that Marshall was required to register as a sex offender under AS 12.63.010. The defense attorney explained that she was offering this stipulation to prevent the State from introducing Marshall's criminal judgment for his sex offense — which would have alerted the jury to the fact that

---

[5]   AS 11.56.840.

[6]   Under AS 11.56.840(b), it is an affirmative defense to a prosecution for second-degree failure to register as a sex offender that
> (1) unforeseeable circumstances, outside the control of the person, prevented the person from registering ...; and
> (2) the person contacted the Department of Public Safety orally and in writing immediately upon being able to perform the requirements described in this section.

[7]   *See Hinson*, 377 P.3d at 984 ("The duty to register as a sex offender arises only if a defendant has been convicted of a sex offense as defined in AS 12.63.100(6).").

Marshall's underlying sex offense was for sexual abuse of a minor. According to the defense attorney, Marshall was not disputing that he was required to register as a sex offender; instead he was disputing only that he had knowingly failed to comply with that requirement. Marshall was present when this discussion took place, and he did not object to the stipulation or to his attorney's explanation of why it was being offered.

The prosecutor agreed to the proposed stipulation, and the trial court subsequently instructed the jury as follows:

> The prosecution and the defense have agreed, or stipulated, to the following facts:
> 1. That the Defendant, BRANT JOSEF NATORI MARSHALL, is a sex offender and has the duties to register as a sex offender as imposed by AS 12.63.010.

The trial court also separately instructed the jury on all the elements of second-degree failure to register, including the element covered by the stipulation, and on the State's burden to prove each element beyond a reasonable doubt.

Following deliberations, the jury found Marshall guilty of second-degree failure to register. At sentencing, the trial court imposed 35 days to serve. This appeal followed.

*Marshall's claim that the stipulation removed an essential element of the charge from the jury's consideration and therefore required his personal waiver of his right to a jury trial on that element*

On appeal, Marshall argues that the stipulation effectively removed an element of the charged offense from the jury's consideration and it was therefore error for the trial court to instruct the jury on the stipulation without first obtaining Marshall's personal waiver of his right to a jury trial on that element.

We disagree with the underlying premise of this claim. Contrary to Marshall's assumptions, there is a distinction between a defendant stipulating to facts at

a jury trial and a defendant waiving his right to a jury trial on those same facts. We previously explained this distinction in *Ross v. State*.[8] As we explained in that case:

> Criminal cases are decided by jury unless the defendant waives the right to jury trial and the government consents to have the case tried to the court. In a jury trial, even when the parties reach a stipulation concerning [an element of the offense], the stipulation will be presented to the jury and the jury will decide.[9]

In the current case, the record shows that the jury was instructed on all of the elements of the offense, including the element covered by the stipulation. The jury was also specifically instructed that they could not convict Marshall of failing to register unless the State proved every element of the offense beyond a reasonable doubt. At no time was the jury instructed that the stipulation relieved the State of its burden of proving this element. And at no time was the jury told that, because of the stipulation, the jurors did not need to deliberate on this element of the offense.

We acknowledge that, in closing argument, the prosecutor ambiguously stated that "the State does not need to prove [the first element], with the stipulation." But this statement was made in the context of a paragraph that reaffirmed the State's duty to prove every element of the charged offense, including the element covered by the stipulation:

> Instruction Number 5 ... is the list of elements that the State is going to have to prove beyond a reasonable doubt. ...

---

[8] *Ross v. State*, 950 P.2d 587, 591 (Alaska App. 1997) (noting that a defendant's willingness to stipulate to an element of the offense "does not answer the question of who will be the trier of fact on this element of the crime"); *see also Tallent v. State*, 951 P.2d 857, 864 (Alaska App. 1997) ("[E]ven when a defendant stipulates to the existence of prior convictions, the issue remains with the jury.").

[9] *Ross*, 950 P.2d at 591-92.

> So, the first element that the State needs to prove beyond a reasonable doubt is that Mr. Marshall is a sex offender. No one is contesting this element. The defense has stipulated to this, they have agreed to this, and the State does not need to prove that, with the stipulation.

Thus, contrary to Marshall's characterization of the prosecutor's statement on appeal, the prosecutor was not arguing that the State did not have a burden to prove the first element beyond a reasonable doubt. Instead, the prosecutor was pointing out that the stipulation *was* evidence and that the State was entitled to rely on this evidence to meet its evidentiary burden on that element.

In his appeal, Marshall relies heavily on *Hutton v. State*, an Alaska Supreme Court case in which the court reversed the defendant's felon-in-possession conviction because it found the defendant's jury trial waiver invalid.[10] But *Hutton* is easily distinguishable from the present case. In *Hutton*, the jury was never instructed on the elements of felon-in-possession or asked to return a verdict on that charge.[11] Instead, Hutton waived his right to a jury trial on that charge — a waiver that was later found invalid because the trial court had not informed him of all of the essential elements of the charge.[12] Here, unlike in *Hutton*, Marshall received a jury trial in which the State was required to prove all of the essential elements of the charged offense, and it was the jury (not the judge) who found Marshall guilty of second-degree failure to register as a sex offender.

---

[10] *Hutton v. State*, 350 P.3d 793, 799 (Alaska 2015).

[11] *Id.* at 794.

[12] *Id.* at 799.

Marshall's briefing on appeal also relies on *Smallwood v. State*, a case in which this Court reversed the defendant's conviction because the trial court erroneously took conclusive judicial notice of an element of the offense.[13] But this case is also distinguishable. *Smallwood*, and the line of cases that follow *Smallwood's* reasoning, are all cases where the judge erroneously took conclusive judicial notice of an element of the crime.[14] In contrast, this case involves a stipulation between the parties, not judicial notice by the judge. In addition, unlike those other *Smallwood* cases, the judge's instruction on the stipulation was at the direct request of the defense attorney, who essentially invited the purported error now claimed on appeal.[15]

We caution trial courts, however, that our decision should not be read as suggesting that there is never any need for inquiry when the defense attorney proposes a stipulation. We note that there are some jurisdictions that require a personal waiver

---

[13]  *Smallwood v. State*, 781 P.2d 1000, 1004 (Alaska App. 1989).

[14]  *Smallwood*, 781 P.2d at 1004 (plain error for trial court to erroneously take judicial notice that defendant's daughter was not mentally culpable for the crime of theft, despite lack of objection by defense); *see also Rae v. State*, 884 P.2d 163, 167 (Alaska App. 1994) (trial court erred in taking conclusive judicial notice of one of the elements of DWLR, despite lack of objection by defense); *Fielding v. State*, 842 P.2d 614, 615 (Alaska App. 1992) (error for judge to take conclusive judicial notice of road qualifying as a highway over objection by defense).

[15]  *See Barrett v. State*, 772 P.2d 559, 568 n. 10 (Alaska App. 1989) (noting that invited error "occurs when the court takes erroneous action at the express request of [a party], and then [that party] urges reversal on that basis on appeal"); *see also Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.*, 189 P.3d 1032, 1038 (Alaska 2008) ("When an error is invited, an appellate court examines the error to see if there is an 'exceptional situation' where reversal is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice.").

from the defendant before accepting stipulations that essentially amount to a guilty plea.[16] There are also jurisdictions that prohibit trial courts from accepting stipulations to which the defendant has expressly objected.[17] We need not decide to what extent we would follow the approach of these jurisdictions because the record is clear that neither of those circumstances existed here.

Accordingly, we reject Marshall's claim that the trial court erred in accepting the defense-proposed stipulation without a personal jury trial waiver from Marshall, and we find no merit to his claim of structural error.

*Whether it was plain error for the trial court not to affirmatively instruct the jury that Marshall couldn't be convicted if his failure to register was a result of mistake, inadvertence, or negligence*

At trial, Marshall's jury was instructed on the elements of second-degree failure to register as a sex offender with a jury instruction modeled on the 2008 criminal

---

[16] *See, e.g.*, *Bonilla-Romero v. United States*, 933 F.2d 86, 88-89 (1st Cir. 1991); *Commonwealth v. Brown*, 771 N.E.2d 214, 220-21 (Mass. App. 2002); *see also United States v. Strother*, 578 F.2d 397, 404-05 (D.C. Cir. 1978) (holding that where stipulation and waiver of jury trial is tantamount to a guilty plea, trial courts should arguably "take heed of at least some of the advices enumerated in Rule 11(c)").

[17] *See, e.g.*, *United States v. Williams*, 632 F.3d 129, 133 (4th Cir. 2011) (reversing conviction where stipulation was given over the defendant's express objection); *State v. Humphries*, 336 P.3d 1121, 1124-25 (Wash. 2014) ("[A]lthough the decision to stipulate an element of the crime does not generally require a colloquy on the record with the defendant, such a decision may not be made over the defendant's known and express objection."); *see also United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980) ("[W]e hold that when a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney.").

pattern jury instruction for this offense.[18] The trial judge therefore instructed the jury that, to convict Marshall of second-degree failure to register as a sex offender, the State had to prove four elements beyond a reasonable doubt:  (1) that Marshall was a sex offender, (2) that Marshall knew that he was required to register as a sex offender, (3) that Marshall failed to file the annual written verification required of sex offenders, and (4) that Marshall did so knowingly.  The jury was also separately instructed on the definition of knowingly.[19]

Prior to closing arguments, Marshall's attorney requested that the jury also be instructed on the definition of "recklessly."  The defense attorney explained that she wanted a jury instruction on this lesser culpable mental state so that she could refer to that instruction when arguing why there was a reasonable doubt as to whether Marshall "knowingly" failed to register as a sex offender.

---

[18]   *See* Alaska Criminal Pattern Jury Instruction 11.56.840(a)(1) (amended 2008).  We note that AS 11.56.840 was amended in 2010 and Marshall's alleged failure to register occurred in 2013, after those legislative amendments went into effect.  *See* SLA 2010, ch. 18, §§ 3, 20; *see also* SLA 2010 ch. 19, § 2.  However, neither party addresses the 2010 change in the law in their briefing in this case, and both parties appear to accept the 2008 criminal pattern jury instruction as a correct articulation of the culpable mental state required for the criminal offense of failure to register as a sex offender.  Because neither party addresses the 2010 legislative amendments to the statute, we do not address them here and we express no opinion as to the effect and constitutionality of those legislative changes.

[19]   *See* Alaska Criminal Pattern Jury Instruction 11.81.900(a)(2) ("A person acts 'knowingly' with respect to conduct or to a circumstance described by a provision of law defining an offense when the person is aware that the conduct is of that nature or that the circumstance exists.  When knowledge of the existence of a particular fact is an element of the offense, that knowledge is established if a person is aware of a substantial probability of its existence, unless the person actually believes it does not exist.").

The trial court refused this request because it believed that it would be confusing for the jury to be instructed on mental states that were not directly relevant to the elements of the charged offense. Later, during closing argument, Marshall's attorney began to read the statutory definition of "recklessly" to the jury. The prosecutor objected, and the trial court sustained the objection, noting that Marshall's attorney could make the argument that Marshall had not acted with the culpable mental state of "knowingly" without relying on the statutory definition of "recklessly." The defense attorney then resumed her argument, asserting that it was the State's burden to prove beyond a reasonable doubt that Marshall "knowingly did not register in June." The attorney also emphasized that "[t]o be able to prove somebody's state of mind, their awareness, their conscious neglect or disregard, intentionality, is a high burden." No further objections occurred.

On appeal, Marshall does not argue that the trial judge should have instructed the jury on the statutory definition of "recklessly" or that the trial judge erred when she sustained the prosecutor's objection. Instead, Marshall raises a new claim: Marshall argues that the trial judge erred by failing to supplement the pattern jury instructions with a clearer definition of the term "knowingly." According to Marshall, the defense attorney's request for the court to instruct the jury on "recklessly" should have alerted the court that it should instruct the jury that Marshall could not be convicted of knowingly failing to register as a sex offender if the jury found that his failure to register "was the result of mistake, inadvertence, or negligence."[20]

---

[20]  *Cf. Moffitt v. State*, 207 P.3d 593, 603 (Alaska App. 2009) (defining "knowingly" in the context of the former failure to appear statute). Following our decision in *Moffitt*, the Alaska legislature amended the failure to appear statute to eliminate the "knowingly" mens rea requirement and to substitute a criminal negligence standard in its stead. *See* SLA 2010, ch. 19, §§ 2, 30. The current failure to appear statute still requires the State to prove that the

(continued...)

To prevail on this claim of plain error, Marshall must show, *inter alia*, that it would have been obvious to any competent judge that this supplemental instruction was needed and that, without this instruction, there was a "high likelihood" that the jury followed an erroneous theory, resulting in a miscarriage of justice.[21]

Marshall has not met this burden. The record shows that Marshall's jury was properly instructed on the State's burden to prove beyond a reasonable doubt that Marshall acted knowingly when he failed to register as a sex offender and was also properly instructed on the meaning of "knowingly." Although the trial judge would not let Marshall's attorney read the statutory definition of "recklessly" to the jurors, the judge explicitly told the defense attorney that she was free to argue — "[in] any way [she] want[ed] to" — that Marshall did not act "knowingly" when he failed to register. There is no indication from the record that Marshall's defense attorney was prevented from meaningfully arguing Marshall's defense to the jury; nor is there any indication that the jury was confused about what "knowingly" failing to register meant.

Accordingly, we find no merit to Marshall's claim that it was plain error to fail to provide the jury with this additional clarification of the required mental state.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[20]   (...continued)
defendant was aware of his or her duty to appear. *See* AS 11.56.730.

[21]   *Patterson v. Cox*, 323 P.3d 1118, 1120-21 (Alaska 2014) (quoting *Khan v. State*, 278 P.3d 893, 896 (Alaska 2012)).