**James D. BRACKHAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4014.

Court of Appeals of Alaska.

Oct. 2, 1992.

David R. Weber, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Leroy K. Latt, Jr., Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

* Sitting by assignment made pursuant to article    IV, section 16 of the Alaska Constitution.

OPINION

BRYNER, Chief Judge.

James Brackhan was convicted by a jury of theft in the fourth degree (theft of services). He appeals, challenging a number of jury instructions. We reverse.

Brackhan was charged with theft for failing to pay a $6 cab fare. The state's evidence at trial indicated that, after riding in a taxicab, Brackhan left without paying. In defense, Brackhan asserted that he had fled the cab without paying because the driver had assaulted him.

At the conclusion of the trial, District Court Judge Martha Beckwith gave the jury an instruction reciting the elements of the offense of theft of services, as set out in AS 11.46.200(a)(1).[1] Over Brackhan's objection, Judge Beckwith also included in this instruction the language of AS 11.46.200(b), a provision in the theft of services statute which specifies that proof of "absconding" without payment for certain services amounts to a *prima facie* showing of deception. The following language from AS 11.46.200(b) was quoted to the jury:

> Absconding without paying for hotel, restaurant, or other services for which compensation is customarily paid immediately upon the receiving of them is prima facie evidence that the services were obtained by deception.

On appeal Brackhan claims that this instruction in effect created a presumption that impermissibly shifted the burden of proof to the defense. Brackhan's claim finds support in Alaska Rule of Evidence 303, which specifies that a *"prima facie* evidence" provision in a criminal statute has the effect of a presumption:

> (b) *Prima Facie Evidence.* A statute providing that a fact or group of facts is prima facie evidence of another fact establishes a presumption within the meaning of this rule.

A separate provision, A.R.E. 303(a)(1), sets out the manner in which the trial court must proceed when a presumption in a criminal case is directed against the accused:

> (a)(1) *Presumptions Directed Against an Accused.* In all criminal cases when not otherwise provided for by statute, by these rules or by judicial decision, a presumption directed against the accused imposes no burden of going forward with evidence to rebut or meet the presumption and does not shift to the accused the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. However, if the accused fails to offer evidence to rebut or meet the presumption, the court must instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury. If the accused offers evidence to rebut or meet the presumption, the court may instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury.

Although perhaps somewhat confusing at first blush, the intent of this rule becomes apparent upon closer scrutiny. The rule makes it clear, at the outset, that, absent an express statutory provision to the contrary, a presumption against the accused in a criminal case will never impose on the accused the burden of going forward or shift from the state the burden of proof (or "risk of nonpersuasion"). When a statutory presumption against the accused remains unrebutted at trial, the rule requires the court to inform the jury of its existence: "[I]f the accused fails to offer evidence to rebut or meet the presumption, the court must instruct the jury...." Conversely, when the accused presents evidence tending to rebut the presumption, the rule leaves to the court's discretion the question of whether the jury

---

**1.** AS 11.46.200(a)(1) reads:

**Theft of services.** (a) A person commits theft of services if

(1) the person obtains services, known by that person to be available only for compensation, by deception, force, threat, or other means to avoid payment for the services ...

should be informed of the presumption's existence: "If the accused offers evidence to rebut or meet the presumption, the court may instruct the jury...." However, to protect against the possibility that a jury might view a presumption as shifting the duty of going forward or the burden of proof, Rule 303(a)(1) provides that, whenever the trial court informs the jury of the existence of a statutory instruction against the accused, it must avoid mention of the word "presumption" and must phrase its instruction in language creating a permissible inference: "[T]he court must [or, in the event the presumption is rebutted, it may] instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury." [2]

■ In the present case, the *"prima facie evidence"* provision of AS 11.46.200(b) gave rise to a presumption that Brackhan obtained services by deception when he

failed to pay for his taxicab ride. Because Brackhan presented evidence at trial to meet or rebut the presumption, the decision whether to inform the jury of its existence was a matter for Judge Beckwith's discretion.[3] In electing to inform the jury of the statutory presumption, however, Judge Beckwith was obligated, under A.R.E. 303(a)(1), to describe the presumption as a permissible inference.

The disputed instruction in this case was not worded in the form required under A.R.E. 303(a)(1). It simply quoted the "prima facie evidence" provision of AS 11.46.-200(b). As we have already indicated, under A.R.E. 303(b), the legal effect of informing the jury of this statutory language was to create a presumption. It is not unreasonable to expect that jurors would have construed the *prima facie* evidence provision as having this effect, even though it avoided any actual mention of the word "presumption." [4]

2. The commentary to A.R.E. 303(a)(1) sheds further light on the language used in the rule. In relevant part, the commentary states:

Subdivision (a) allows presumptions to perform their intended functions, but prevents them from exerting too great an impact on the outcome of a case. If a presumption is created by the legislature or the courts, it serves as an incentive for the accused to submit rebuttal evidence. If no rebuttal evidence is submitted, the court, without using the word "presumption," will instruct the jury that it may, but is not bound to, infer the existence of the presumed fact from proof of the basic fact. Such an instruction is couched purely in terms of a permissible inference; no attempt is made to guide the jury in assessing the sufficiency of the inference to prove guilt. This mandatory instruction is in the nature of a mild comment on the evidence. No good reason appears why the legislature or the courts cannot require a specific non-binding instruction when they deem it desirable.

If the accused offers evidence to rebut or meet the presumption, the giving of an instruction is discretionary.

Alaska Rules of Court, Commentary to A.R.E. 303 at 431 (Main Edition 1992–93).

3. We assume for purposes of this decision that Judge Beckwith did not abuse her discretion in electing to inform the jury of the statutory presumption. We note, however, that the relationship between the proved fact—Brackhan's absconding from the taxicab without paying—and the presumed fact—that Brackhan obtained ser-

vices by deception—seems self-evident. The commentary to A.R.E. 303(a)(1) suggests that, under such circumstances, informing the jury of a presumption is unnecessary and potentially prejudicial:

In instances where the nature of a presumption directed against the accused is such that the relationship between the proved fact and the presumed fact is self-evident or apparent, no instruction should normally be given by the court if the accused offers evidence to rebut or meet the presumption, since, in such instances, a jury instruction would tend to emphasize unduly and unnecessarily the existence of the presumption. On the other hand, in circumstances where there is no obvious connection between a proved fact and the presumed fact, an instruction to the jury regarding the existence of the presumption would ordinarily be appropriate.

Alaska Rules of Court, Commentary to A.R.E. 303(a) at 431–32 (Main Edition, 1992–93).

4. The commentary to A.R.E. 301, which deals with the term "prima facie evidence," makes it clear that this term is often understood to create a presumption that shifts the burden of producing evidence:

The term 'prima facie case' is often used in two senses and is therefore an ambiguous and often misleading term. It may mean evidence that is simply sufficient to get to the jury, or it may mean evidence that is sufficient to shift the burden of producing evidence ... A presumption may be utilized in both senses in the

The disputed instruction provided no guidance as to the manner in which the jury was to apply the presumption established by the *prima facie* evidence provision, and it failed to specify that the weight and effect of this presumption were matters within the jury's exclusive province. As a result, jurors may well have believed themselves bound to accept the presumption as mandatory; from the undisputed evidence that Brackhan absconded from the taxicab without paying, the jury may well have concluded that the element of deception had been conclusively established. *See Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979) (whether instruction concerning presumption is unconstitutional "depends upon the way in which a reasonable juror could have interpreted" it). For this reason, we hold that the trial court erred in giving the instruction.[5]

Accordingly, the conviction is REVERSED.[6]

MANNHEIMER, J., not participating.

---

same case. [Prima facie evidence] statutes ... do more than permit a party to get to a jury on the basis of prima facie evidence; they evince a legislative determination that the presumption should be accepted until rebutted.
Alaska Rules of Court, Commentary to A.R.E. 301 at 430 (Main Edition, 1992–93) (quoting J. McCormick, *Evidence* § 342 at 803 n. 26 (2d ed.)).

5. We note that other jurisdictions have reached similar conclusions. *See State v. Kipf,* 234 Neb. 227, 450 N.W.2d 397, 413 (1990) (reversing when jury instructed that the use of lewd language was *prima facie* evidence of intent to harass); *State v. Jasper,* 237 Neb. 754, 467 N.W.2d 855, 862–63 (1991) (reversing when jury instructed that firearm found in car was *prima facie* evidence that weapon was possessed by occupants).

6. Reversal of the conviction on this ground makes it unnecessary for us to address Brackhan's other claims.