**Jim FIELDING, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4261.**

Court of Appeals of Alaska.

Dec. 4, 1992.

Jennifer A. Walker, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Donald R. Kitchen, Asst. Dist. Atty., Edward E. McNalley, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Jim Fielding was convicted following a jury trial of driving while license suspended (DWLS), AS 28.15.291(a)(1). On appeal, he contends the trial court erred in instructing the jury that the Glenn Highway

---

is a highway as that term is used in the DWLS statute. We reverse.

At trial, the primary fact in contention was whether Fielding drove on a highway or a vehicular way. *See* AS 28.15.291(a).[1] The defense claimed that Fielding drove within the parking lot of the Eagle River Department of Motor Vehicles, while the state alleged that Fielding drove from the parking lot onto the Glenn Highway.

At the close of the evidence, Fielding requested the court to instruct the jury that a shopping center parking lot is not a vehicular way or area. District Court Judge John D. Mason stated that he would comply with Fielding's request. However, the judge also ruled, over defense objection, that he would take judicial notice of the fact that the Glenn Highway is a highway. The court ultimately instructed the jury as follows:

> To find the defendant guilty of driving while his license was suspended, you must also find that the state has proved beyond a reasonable doubt that he drove on a "highway or vehicular way or area." The law defines a vehicular way or area as a way, path or area, other than a highway or private property.
>
> Alaska case law holds a shopping center parking lot is not a vehicular way or area.
>
> *It is clear, and the court so instructs you, that the Glenn Highway is a highway as used in the statute.*

Jury Instruction No. 6 (emphasis added).

On appeal, Fielding claims, as he did below, that the trial court's instruction resulted in a directed verdict for the state on an essential element of the offense.

In order to convict Fielding, the jury was required to find that he drove on a highway or vehicular way or area. AS 28.15.291(a).[2] The manner in which the trial court took judicial notice of the Glenn Highway's status affected a substantial right of Fielding's: the right to have a jury decide every element of the crime. *See Smallwood v. State*, 781 P.2d 1000, 1003 (Alaska App.1989); *Sandstrom v. Montana*, 442 U.S. 510, 520, 99 S.Ct. 2450, 2457, 61 L.Ed.2d 39 (1979). We agree that the court's instruction amounted to a directed verdict for the prosecution on one of the essential elements of the charge; "the error in such a case is that the wrong entity judged the defendant guilty." *Smallwood*, 781 P.2d at 1003, citing *Rose v. Clark*, 478 U.S. 570, 578, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460 (1986).

Assuming that it was proper for the court to take judicial notice that the Glenn Highway was a highway for purposes of AS 28.15.291 and AS 28.40.100, the court's instruction to the jury was improper under Evidence Rule 203(c). Evidence Rule 203(c) provides in pertinent part that when a court takes judicial notice of a fact "[i]n a criminal case the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." *Cf. Brackhan v. State*, 839 P.2d 414 (Alaska App., 1992).

The state contends the court's error, while substantial, does not compel a reversal under the plain error rule because it was not prejudicial. However, in *Smallwood*, we determined that "harmless error principles should not be applied to a jury instruction which conclusively establishes an essential element of the crime charged."

(Emphasis added.)

---

**1.** AS 28.15.291 reads in pertinent part as follows:

**Driving while license canceled, suspended, revoked, or in violation of a limitation.** (a) a person is guilty of a class A misdemeanor if the person

(1) *drives a motor vehicle on a highway or vehicular way or area* at a time when that person's driver's license, privilege to drive, or privilege to obtain a license has been canceled, suspended, or revoked in this or another jurisdiction[.]

**2.** AS 28.40.100(10) states:

(10) "highway" means the entire width between the boundary lines of every way that is publicly maintained when a part of it is open to the public for purposes of vehicular travel, including but not limited to every street and the Alaska state marine highway system but not vehicular ways or areas[.]

781 P.2d at 1004. Thus, there is no need for further inquiry concerning the prejudice stemming from the court's order; the court's instruction, in depriving Fielding of his right to have the jury decide every element of the charge, was *per se* prejudicial.

Accordingly, the conviction is RE-VERSED.