NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ROBERT DEE NICKLIE,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12179
Trial Court No. 3AN-13-461 CR

O P I N I O N

No. 2563 — August 18, 2017

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael Spaan, Judge.

Appearances: Jane B. Martinez, Law Office of Jane B. Martinez, LLC, and Richard Allen, Public Advocate, Anchorage, for the Appellant. Elizabeth T. Burke, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

A jury found Robert Dee Nicklie guilty of third-degree and fourth-degree assault based on evidence that he beat up and strangled his girlfriend. At sentencing, both the prosecutor and the defense attorney agreed that the jury's verdicts on these two counts should merge into a single conviction for third-degree assault (the more serious

crime). The judge agreed with the parties, and he imposed only one sentence on Nicklie — a sentence for third-degree assault.

However, the judgment form that was prepared following the sentencing hearing declares that Nicklie was "convicted" of both counts of assault and that the two counts were merged only "for sentencing purposes."

On appeal, Nicklie argues that his separate conviction for fourth-degree assault must be vacated, and the State concedes that this should occur.

We conclude that the State's concession is well-taken.[1] As we explained in *Garhart v. State*:

> [W]hen the counts of the defendant's indictment charge separate theories of the same crime, or when the counts of the indictment charge separate crimes that will ultimately be treated as the "same crime" under the rule announced in *Whitton v. State*, [479 P.2d 302 (Alaska 1970),] Alaska law allows the government to seek a jury verdict on each count. The double jeopardy clause comes into operation later, when the sentencing court is asked to enter judgement on those verdicts. At that time, the court must merge one or more of the verdicts so that the defendant receives only the number of convictions and sentences allowed by the double jeopardy clause.[2]

---

[1]   *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case); *see also Allain v. State*, 810 P.2d 1019, 1021 (Alaska App. 1991) (finding State's concession that merger of two counts should result in a single conviction to be well-taken).

[2]   *Garhart v. State*, 147 P.3d 746, 753-54 (Alaska App. 2006) (citing *Gilbert v. State*, 598 P.2d 87, 91 (Alaska 1979); *Robinson v. State*, 487 P.2d 681, 682 (Alaska 1971); *Atkinson v. State*, 869 P.2d 486, 495 (Alaska App. 1994)).

Thus, Alaska law does not recognize the existence of a merger "for sentencing purposes only." Because of the prohibition against double jeopardy announced in *Whitton*, when a defendant is found guilty of counts that must merge, the merger results in a *single* conviction of record (and thus a single sentence).[3]

(This is distinct from situations where separate convictions are lawful under *Whitton*, but the sentencing judge believes that concurrent sentences will satisfy the *Chaney* sentencing criteria. In those instances, a judge must enter a separate sentence for each conviction, but those sentences can be concurrent to the extent permitted by AS 12.55.127.)

We recognize, however, that the current Alaska Court System form for the entry of criminal judgments makes it difficult for sentencing judges to issue a judgment that complies with *Whitton*. Instead of beginning with the words "The defendant has been found guilty of" various counts of the indictment, the Court System's judgment form begins with the words "The defendant *has been convicted of*" the various counts. (Emphasis added.) In other words, the form does not distinguish between the jury's guilty verdicts and the ultimate convictions of record that are later entered by the trial court based on those verdicts. This becomes a problem for cases where the verdicts are subsequently merged under *Whitton* and multiple guilty verdicts should be entered as a single conviction of record. Often, as occurred here, the judge will try to address this problem by indicating that the counts have merged but will then erroneously state that the counts are merged "for sentencing purposes only," leaving the convictions of record for the merged counts intact.

---

[3] *See Newsome v. State*, 782 P.2d 689, 692 (Alaska App. 1989); *see also State v. MacDonald*, 872 P.2d 627, 660 n.14 (Alaska App. 1994); *Allain*, 810 P.2d at 1021.

Because the current form makes it difficult for judges to comply with the double jeopardy requirements of *Whitton*, we encourage the Alaska Court System to modify this form. And, until that occurs, we urge sentencing judges not to use this form in cases where two or more counts must merge under *Whitton*.

Nicklie raises one other contention on appeal. He argues that the trial judge committed plain error by failing to *sua sponte* instruct the jury on the need for factual unanimity. To understand Nicklie's claim, and our rejection of it, we must supply some background on how this case was litigated.

The State charged Nicklie with second-degree assault and fourth-degree assault based on allegations that he strangled and beat up his girlfriend, Bernita Ballot. At trial, the State introduced evidence that Nicklie hit Ballot and tore out a chunk of her hair. The State also introduced evidence that Nicklie choked Ballot, resulting in bruises to Ballot's neck and petechia behind her eyelids and ears.

During closing argument, the prosecutor explained that Nicklie was charged with second-degree assault based on the strangulation and that Nicklie was charged with fourth-degree assault based on the hair-pulling incident. The prosecutor further explained that, to find Nicklie guilty of second-degree assault, the jury needed to find beyond a reasonable doubt that Nicklie "*intentionally* caused physical injury [to Ballot] by means of a dangerous instrument" — *i.e.*, using his hands to impede Ballot's breathing and circulation. The prosecutor also explained that this second-degree assault charge included the lesser offense of third-degree assault — an offense that would apply if the State proved only that Nicklie "*recklessly* caused physical injury [to Ballot] by means of a dangerous instrument" — again, by using his hands to impede Ballot's breathing and circulation.

Following deliberations, the jury acquitted Nicklie of second-degree assault, but convicted him of the lesser-included offense of third-degree assault. The jury also convicted Nicklie of fourth-degree assault.

On appeal, Nicklie argues that his conviction for third-degree assault is flawed because the trial judge failed to instruct the jury on the need for factual unanimity. Nicklie contends that some members of the jury may have convicted Nicklie of third-degree assault based on the strangulation, while other members of the jury may have convicted Nicklie of third-degree assault based on the hair-pulling.

We find no merit to this contention, given that the prosecutor expressly told the jury that the strangulation and the hair-pulling were charged in separate counts, and also given the fact that the jury was specifically instructed that the phrase "dangerous instrument" meant hands or other objects used to impede a person's breathing.

Nicklie also argues that a factual unanimity instruction was needed because Ballot testified that Nicklie applied pressure to "different parts" of her throat. Nicklie contends that his conviction for third-degree assault is flawed because some members of the jury may have believed that the strangulation occurred when Nicklie placed his hands "around" Ballot's throat, while other jurors may have concluded that the strangulation occurred when Nicklie used his hands to apply pressure to the "sides" of Ballot's throat.

Even assuming that this might be true, the jury's verdict would nevertheless be proper. Regardless of the precise details of the strangulation, Nicklie's strangulation of Ballot was a single criminal act for purposes of the requirement of jury unanimity. (Conversely, it would have been improper for Nicklie to be convicted of two separate acts of strangulation under these facts.[4])

---

[4] *See S.R.D. v. State*, 820 P.2d 1088, 1092-93 (Alaska App. 1991).

We therefore find no error in the trial judge's failure to *sua sponte* instruct the jury that they needed to reach factual unanimity regarding Nicklie's precise mode of strangling Ballot.

*Conclusion*

We REMAND this case for correction of the judgment to clarify that the jury verdicts on third-degree assault and fourth-degree assault merged into a single conviction for third-degree assault. The judgment of the superior court is otherwise AFFIRMED.