NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STEPHEN W. ALVARADO,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12105
Trial Court No. 3DI-11-334 CR

O P I N I O N

No. 2636 — February 22, 2019

Appeal from the Superior Court, Third Judicial District, Dillingham, Steve W. Cole, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD, writing for the Court.
Judge MANNHEIMER, concurring.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Following a jury trial, Stephen W. Alvarado was convicted of four counts of first-degree sexual abuse of a minor based on evidence that he sexually abused his six-year-old daughter, S.S., on two separate occasions.[1] At sentencing, the court imposed a composite sentence of 57 years and 6 months to serve. Alvarado challenges both his convictions and his sentence, raising four claims of error.

Alvarado argues first that the superior court erred when it took judicial notice of Alvarado's date of birth and then instructed the jury that it was required to accept this fact as "proven." Alvarado contends that by taking conclusive judicial notice of his date of birth, the trial court violated Alvarado's constitutional right to a jury trial on one of the essential elements of the charged offenses. Alvarado further contends that this error is structural error that requires automatic reversal of his convictions. For the reasons explained here, we conclude that the trial court's action, which Alvarado's attorney consented to, was not reversible error.

Alvarado argues next that the trial court committed plain error when it failed to *sua sponte* issue a limiting instruction after the victim's out-of-court statement was admitted under the first-complaint doctrine. We find no merit to this claim.

Alvarado's last two claims of error relate to his sentencing. Alvarado argues that the trial court erred when it refused to merge the two sets of first-degree sexual abuse convictions that were based on the same underlying acts of fellatio. The State concedes that these convictions should have merged. Alvarado also argues that the trial court erred when it failed to order the Department of Corrections to produce a corrected copy of his presentence report. The State also concedes error on this claim.

---

[1] AS 11.41.434(a). The jury also found Alvarado guilty of two counts of incest, but these two counts were merged into two of the sexual abuse of a minor convictions at sentencing. *See* AS 11.41.450(a)(1).

For the reasons explained here, we conclude that the State's concessions are well-founded.[2] Accordingly, we remand Alvarado's case to the superior court for merger of the challenged convictions, a resentencing, and correction of the presentence report. We otherwise affirm the judgment of the superior court.

*Factual background and prior proceedings*

In August 2011, S.A. (Alvarado's seven-year-old son), and S.S. (Alvarado's six-year-old daughter) reported to their cousin that their father (Alvarado) had been forcing both of them to "suck his wiener." The cousin told other members of the family, who reported these accusations to the police.

S.A. almost immediately recanted this accusation. S.S. was interviewed by a caseworker from the Office of Children's Services. During this interview, S.S. recounted three different incidents of fellatio — two incidents in the trailer next to the family home and one incident in the bedroom in the house.

Based on S.S.'s interview, Alvarado was indicted on nine felony counts — three separate counts for each alleged incident. For each alleged act of fellatio, Alvarado faced the following three charges: (1) first-degree sexual abuse of a minor under AS 11.41.434(a)(1) (sexual penetration of a minor under thirteen years old), (2) first-degree sexual abuse of a minor under AS 11.41.434(a)(2) (sexual penetration of a child by a parent), and (3) incest under AS 11.41.450(a)(1) (sexual penetration of a descendant).

All three of these criminal offenses required the State to prove that Alvarado was over a certain age at the time he committed the offenses. Alaska Statute

---

[2] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case).

11.41.434(a)(1) required the State to prove that Alvarado was over sixteen years old; AS 11.41.434(a)(2) and AS 11.41.450(a)(1) required the State to prove that Alvarado was over eighteen years old.

Alvarado's age was not a contested element at trial: Alvarado was thirty-nine years old at the time of trial and thirty-six years old at the time of the alleged abuse. It was also undisputed that Alvarado was the natural father of S.S., who was six years old at the time of the alleged abuse. In order to have been under the threshold age, Alvarado would had to have fathered S.S. when he was between ten and twelve years old.

Near the end of Alvarado's trial, the prosecutor noted that he was required to prove that Alvarado was over sixteen and eighteen years old at the time of the alleged incidents. The prosecutor also noted that there did not appear to be any dispute regarding Alvarado's age. The prosecutor therefore requested that the trial court take "judicial notice" of Alvarado's date of birth, which was listed on the indictment. The trial court agreed that it could take "judicial notice" of this fact, and the trial court asked the defense attorney "Is that fine?" The defense attorney replied, "Yep." The trial court subsequently instructed the jury as follows:

> I'm taking judicial notice so that it does not need to be proven that Stephen Alvarado's, the defendant's, date of birth is February 2, 1975. Because that is judicial notice, you shall take that as a proven fact that the defendant was born February 2, 1975. That's not an issue.

Although this instruction was improper for the reasons explained in this opinion, Alvarado's attorney did not object to this instruction.

Following deliberations, the jury convicted Alvarado of the charges relating to two of the incidents of fellatio that S.S. described in her trial testimony. The jury

acquitted Alvarado of the charges relating to the third incident, which S.S. could not recall at trial.

At sentencing, the parties agreed that the incest convictions for each incident should merge with the corresponding conviction for AS 11.41.434(a)(2) (sexual penetration by a parent). However, the prosecutor argued that Alvarado's convictions under AS 11.41.434(a)(1) (sexual penetration of a minor under 13 years old) involved "different societal interests" and therefore required separate convictions. The trial court agreed. The trial court therefore entered two first-degree sexual abuse of a minor convictions for each act of fellatio — for a total of four convictions. The court then imposed a composite sentence of 57 years and 6 months to serve.

This appeal followed.

### *Alvarado's argument that it was structural error for the trial court to take conclusive judicial notice of Alvarado's date of birth*

Alaska Evidence Rule 203(c) requires trial courts to treat judicially noticed facts in criminal cases differently from judicially noticed facts in civil cases. The rule provides, in pertinent part:

> In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but it is not required to, accept as conclusive any fact judicially noticed.

As the Commentary to Evidence Rule 203(c) explains, "the rule opts for the greater protection of the accused's right to a jury trial afforded by the limited instruction that the jury may, but is not required to, accept as conclusive any fact judicially noticed."

On appeal, both parties agree that the trial court violated Evidence Rule 203(c) when it instructed the jury that they were required to take the judicially noticed

date of birth as a "proven fact." The parties disagree, however, regarding the effect of this error and whether it is amenable to a harmlessness review.

Alvarado takes a bright-line approach. According to Alvarado, any conclusive judicial notice of a fact relevant to an element constitutes a violation of the defendant's right to a jury trial and requires automatic reversal of the defendant's conviction. In support of this position, Alvarado relies on three prior decisions of this Court: *Smallwood v. State*,[3] a decision from 1989, *Fielding v. State*,[4] a decision from 1992, and *Rae v. State*,[5] a decision from 1994. In all three of these cases, trial judges erroneously took conclusive judicial notice of a factual aspect of the State's proof. And in all three cases, this Court held that the judge's error required automatic reversal, "without regard either to whether there was an objection from the defense, or to whether the defendant suffered any prejudice other than having had his guilt adjudged by the wrong entity."[6]

Alvarado argues that these three cases dictate the result in his case. We disagree for a number of reasons. First, Alvarado's case is distinguishable on its facts. In *Fielding*, the defendant directly objected to the judge taking conclusive judicial notice of an element of the charged offense.[7] In *Smallwood* and *Rae*, the defendant failed to

---

[3]   *Smallwood v. State*, 781 P.2d 1000, 1001-04 (Alaska App. 1989).

[4]   *Fielding v. State*, 842 P.2d 614, 614-16 (Alaska App. 1992).

[5]   *Rae v. State*, 884 P.2d 163, 163-67 (Alaska App. 1994).

[6]   *Rae*, 884 P.2d at 167; *see also Fielding*, 842 P.2d at 615-16; *Smallwood*, 781 P.2d at 1004-05.

[7]   *Fielding*, 842 P.2d at 615.

object to the court taking conclusive judicial notice of an element, but the element was never directly conceded by the defendant.[8]

Here, in contrast, the record shows that the defense attorney did more than just fail to object to the court's conclusive judicial notice instruction. Instead, the defense attorney affirmatively agreed that the date of birth on the indictment was correct and that this fact could be "judicially noticed" to the jury. Courts in other jurisdictions have refused to apply structural error under circumstances where the error is affirmatively waived by the defendant.[9] We find these decisions persuasive, particularly in the circumstances presented here.

On appeal, Alvarado does not object to the court taking judicial notice of his date of birth. Instead, he is only challenging the court's decision to take "conclusive" judicial notice of this fact. But, as the concurrence points out, the term "judicial notice" under these circumstances is a misnomer. As a general matter, it is improper for a trial court to take judicial notice of facts asserted in a pleading if the pleading is offered to prove the truth of the facts asserted.[10] A court may take judicial notice that such a pleading has been filed, but it may not take judicial notice of the *contents* of the pleading for the truth of the factual assertions stated therein. It was therefore improper for the court to treat Alvarado's date of birth as a subject for judicial notice simply because the date of birth was included in the indictment. It was not improper, however, for the trial court to treat this matter as "proven" once Alvarado's defense attorney stipulated to its

---

[8]   *Smallwood*, 781 P.2d at 1003; *Rae*, 884 P.2d at 167.

[9]   *United States v. Jones*, 108 F.3d 668, 671 (6th Cir. 1997) (collecting cases).

[10]   *See F.T. v. State*, 862 P.2d 857, 863-64 (noting that taking judicial notice is appropriate "only if, viewing the evidence in the light most favorable to the party against whom judicial notice is to be taken, fair-minded jurors could not disagree about the truth of the proposition to be noticed"); Alaska Evidence Rule 201(b).

accuracy. Indeed, the court could properly have instructed the jury that the parties had agreed (or stipulated) that Alvarado's date of birth was February 2, 1975, and no error would have occurred.[11] The court's primary error therefore was in using the words "judicial notice" to describe what it was doing when, in truth, Alvarado's birth date had been stipulated to by both parties.

We acknowledge that *Smallwood*, *Fielding*, and *Rae* are written in a manner that suggests *all* conclusive judicial notice instructions constitute structural error, regardless of circumstances and context. But we reject such a broad reading of those cases. When, as here, the defendant has affirmatively conceded the truth of the fact being judicially noticed, and has agreed that the judge can so instruct the jury, we conclude that automatic reversal is not appropriate. Instead, we conclude that the court's error should be subjected to a harmlessness analysis and the conviction affirmed if the error is determined to be harmless beyond a reasonable doubt.

This conclusion is in accord with the Alaska Supreme Court's recent discussion of structural error in *Jordan v. State*.[12]

*Jordan* was a felony marijuana case in which the trial court refused to allow the defendant to testify to the reasonableness of his belief that he was growing less than four ounces of marijuana (the legal limit under *Ravin v. State* for possession of marijuana for personal use in one's own home).[13]

---

[11]  *See Marshall v. State*, ___ P.3d ___, Op. No. 2627, 2018 WL 6582296, at *2-5 (Alaska App. Dec. 14, 2018); *see also United States v. Mason*, 85 F.3d 471, 472-73 (10th Cir. 1996).

[12]  *Jordan v. State*, 420 P.3d 1143 (Alaska 2018).

[13]  *Id.* at 1146; *see also Ravin v. State*, 537 P.2d 494, 511 (Alaska 1975); *Walker v. State*, 991 P.2d 799, 802 (Alaska App. 1999).

The Alaska Supreme Court concluded that the court's failure to instruct the jury on this contested material element of the offense constituted structural error requiring automatic reversal of the defendant's conviction.[14] Central to the court's holding was the fact that the jury had never been informed of the element, nor had the jury been given any opportunity to decide whether Jordan's defense was a reasonable one.[15] The court emphasized that Alaska follows an "effect-on-the-jury" approach to harmless error, which "asks the historical question whether the error was a substantial factor in the jury's verdict."[16] But when the jury is never informed of an omitted element or defense, this type of review becomes impossible because it essentially requires the

---

[14]  *Id.* at 1152-57.  We note that the term "contested" is potentially ambiguous in this context.  One possible reading is that the court was referring to whether the defendant actively disputed the element as part of his defense at trial.  But this would be a significant departure from Scalia's dissent in *Neder v. United States*, which the *Jordan* court largely adopted.  *See Neder v. United States*, 527 U.S. 1, 16-17 (1999) (noting that "Neder did not argue to the jury — and does not argue here — that his false statements of income could be found immaterial"); *see also Neder*, 527 U.S. at 34 (Scalia, J., dissenting) ("The amount of evidence against a defendant who has properly preserved his objection, while relevant to determining whether a given error was harmless, has nothing to do with determining whether the error is subject to harmless-error review in the first place.").

Alternatively, it is possible to understand "contested" as referring to whether the defendant preserved his objection to the trial court's omission of an essential element from the jury instructions.  This reading is more consistent with Scalia's dissent in *Neder*.  *See id.* at 34-35 (noting that even when jury instructions omit an essential element of the offense, the failure to make a timely objection "will preclude automatic reversal"); *see also Jordan*, 420 P.3d at 1151-52 (explaining why Jordan preserved his right to appeal the jury instructions).

In any case, the potential ambiguity of the term "contested" is irrelevant here because Alvarado failed to "contest" his age in either sense of the term.

[15]  *Id.* at 1156.

[16]  *Id.* at 1157.

appellate court to "hypothesize" what result the jury might have reached had this question been presented to them.[17]

In other words, the primary problem when a material contested element is omitted from the jury instructions is that the effect of that error is not "quantifiable" for purposes of determining whether it was (or could be) harmless. This was the basis of Justice Scalia's dissent in *Neder v. United States*,[18] a dissent cited approvingly and largely adopted by the Alaska Supreme Court in *Jordan*.[19]

The difficulties in assessing harmlessness identified in the *Jordan* decision are not present in the current case. Here, the jury was instructed on all of the essential elements of the offense — including the threshold age element that is the main issue in this appeal. Moreover, the prosecution was not required to prove that Alvarado was born on a particular day or that he was a particular age in order to convict him of these alleged acts of sexual abuse. Instead, the prosecution was only required to prove that Alvarado was at least sixteen or eighteen years old at the time the alleged sexual abuse occurred. To find this element proved beyond a reasonable doubt, the jury did not need to know Alvarado's exact birth date. The jury could have relied on Alvarado's physical appearance at trial. (As we noted previously, Alvarado was thirty-nine years old at the time of trial.) The jury could also have relied on the evidence establishing that Alvarado was S.S.'s natural father and that the alleged abuse occurred when S.S. was six years old, which would have required Alvarado to have fathered S.S. when he was between ten and twelve years old in order to put Alvarado under the threshold ages required for the alleged crimes. In other words, the jury had before it evidence that already established

_____

[17] *Id.*

[18] *Neder*, 527 U.S. at 30-41 (1999) (Scalia, J., dissenting).

[19] *Jordan*, 420 P.3d at 1155-56.

the threshold age element beyond a reasonable doubt, and the trial court's additional "judicial notice" of Alvarado's actual birth date was not necessary to the jury's determination of that element.

Alvarado's case is therefore distinguishable from the circumstances in *Jordan*. Here, the judge's error was in instructing the jury with the language of "judicial notice" when the language of a stipulation would have been more appropriate. But unlike in *Jordan*, the jury was properly instructed on all the elements of the crime. Moreover, the defendant directly conceded the truth of the fact contained in the erroneous judicial notice instruction. As a result, there is no reasonable possibility that this erroneous instruction affected the reliability or trustworthiness of the verdict the jury reached. Nor is there any need to engage in the type of hypothetical scenarios disapproved of in *Jordan* and in Justice Scalia's dissent in *Neder*. Here, we can confidently say that there is no reasonable possibility that this erroneous instruction affected the jury's verdict or that it had any effect on the outcome of this trial.

Accordingly, we reject Alvarado's claim that the taking of conclusive judicial notice in this case requires automatic reversal of his convictions.

*The superior court's failure to properly instruct the jury on the appropriate uses of first-complaint evidence did not constitute plain error requiring reversal of Alvarado's convictions*

At trial, the State presented testimony from a cousin of S.S. and S.A. This cousin testified that S.S. and S.A. told him that Alvarado made them suck his "wiener."[20] Alvarado's attorney did not request a limiting instruction to explain to the jury that this first-complaint testimony could only be used to corroborate S.S.'s trial testimony, and

---

[20] *See Greenway v. State*, 626 P.2d 1060, 1060-61 (Alaska 1980) (recognizing the admissibility of a "first complaint" of sexual assault).

not as independent evidence of the truth of the matter asserted.[21] As a result, no such instruction was given.

On appeal, Alvarado argues that it was plain error for the trial court to fail to *sua sponte* issue an appropriate limiting instruction regarding this first-complaint evidence. A finding of plain error on appeal requires that (1) the error be obvious, (2) the error was not the result of a tactical decision, (3) the error affected Alvarado's substantial rights, and (4) the error prejudiced the fundamental fairness of Alvarado's trial.[22]

The error here was not sufficiently obvious to meet the standard for plain error. Alaska Evidence Rule 105 requires courts to issue appropriate limiting instructions when parties request them. But our cases suggest that, as a general matter, a court does not have an affirmative obligation to issue a limiting instruction in the absence of a request.[23] The commentary to Evidence Rule 105 indicates that there may be times when a trial judge should give a limiting instruction *sua sponte*, *but only* when failure to do so would lead to plain error.

There was no plain error here. The first-complaint testimony from the cousin was brief and was not used heavily by the prosecutor, who instead focused on S.S.'s trial testimony and her interview with the Office of Children's Services. We also

---

[21] *See Borchgrevink v. State*, 239 P.3d 410, 417-18 (Alaska App. 2010), *disapproved on other grounds in Moreno v. State*, 341 P.3d 1134 (Alaska 2015).

[22] *Moreno*, 341 P.3d at 1139; *Adams v. State*, 261 P.3d 758, 773 (Alaska 2011).

[23] *See Jonas v. State*, 773 P.2d 960, 968 (Alaska App. 1989) (refusing to find error for failure to limit jury's consideration of first-complaint evidence because defendant did not request limiting instruction); *Nitz v. State*, 720 P.2d 55, 67, 68 n.6 (Alaska App. 1986) (finding that failure to object to lack of limiting instruction forfeited right to appeal lack of limiting instruction).

do not find any place where the prosecutor used this evidence improperly — *i.e.*, as anything other than corroboration of the credibility of S.S.'s account at trial.

Given these circumstances, we conclude that the court's failure to *sua sponte* provide an appropriate limiting instruction for this evidence did not amount to plain error requiring reversal of Alvarado's convictions.[24]

*The superior court erred in failing to merge the first-degree sexual abuse of a minor charges that arose out of the same conduct*

At sentencing, Alvarado argued that Count I (sexually penetrating a child when the defendant is the parent of that child) and Count IV (sexually penetrating a child under thirteen years old) should merge because they were both based on the same act of fellatio in the same incident. Alvarado also argued that Count II and Count V should merge for the same reason. The prosecutor objected to this merger, and the trial court refused to merge these counts, ultimately entering four convictions for first-degree sexual abuse of a minor rather than two.

On appeal, the State concedes that the court erred and that the four counts should have merged into two because each pair of counts simply represented two different theories of how a single act could constitute first-degree sexual abuse of a minor.[25] This concession is well founded.[26] Accordingly, we direct the superior court to merge the pairs of counts and enter only two convictions. The trial court shall then

---

[24] *Cf. Miller v. State*, 382 P.3d 1192, 1194 (Alaska App. 2016) (finding that if admitting evidence was error, it was harmless due to the relatively brief attention given to the evidence in relation to the rest of the State's evidence).

[25] *See State v. James*, 698 P.2d 1161, 1166-67 (Alaska 1985).

[26] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (appellate court must independently assess any concession of error by the State in a criminal case).

resentence Alvarado as appropriate and issue a corrected judgment that reflects the merger of these counts.[27]

*The presentence report*

At sentencing, the trial court modified Alvarado's presentence report, making handwritten changes to certain statements and deleting other statements. But the court failed to order preparation of a clean copy of the presentence report under Alaska Criminal Rule 32.1(f), and the original language of the presentence report is still readable in the current version.

On appeal, the State concedes that a clean copy of the amended presentence report must be ordered in accordance with the requirements of the rule. We agree.[28]

*Conclusion*

We REMAND this case to the superior court for correction of the presentence report, merger of two of the convictions as described above, and a re-sentencing. In all other respects, the judgment of the superior court is AFFIRMED.

---

[27] *Yearty v. State*, 805 P.2d 987, 996 (Alaska App. 1991); *see also Nicklie v. State*, 402 P.3d 424, 425-26 (Alaska App. 2017).

[28] *See Ulak v. State*, 238 P.3d 1254, 1258 (Alaska App. 2010) ("[T]he court must delete the unproven assertions from the presentence report by marking them out so that they cannot be used for improper reference in the future."); *see also Eacker v. State*, 2016 WL 756959, at *5 (Alaska App. Feb. 24, 2016) (unpublished); *Packard v. State*, 2014 WL 2526118, at *5 (Alaska App. May 21, 2014) (unpublished).

Judge MANNHEIMER, concurring.

I write separately because my analysis of the "judicial notice" problem is different from the analysis contained in the majority opinion.

Even though the trial judge and the two attorneys used the phrase "judicial notice" to describe what they were doing, the record shows that the attorneys *stipulated* that Alvarado's date of birth was, in fact, the date recited in the indictment.

Because this fact was stipulated, the trial judge did not commit error when he instructed the jurors to take the stipulated fact as proved. For this reason, I conclude that there is no need for this Court to subject the judge's action to a "harmlessness" analysis. A harmlessness analysis is appropriate only when an error has been committed — and, in Alvarado's case, there was no error.

Here is my analysis in more detail:

Under Alaska law, when a judge presiding over a criminal trial takes judicial notice of some fact, it is error for a judge to tell the jurors that they must accept this fact as conclusively proved. *See* Alaska Evidence Rule 203(c).

Indeed, in Alvarado's case, even if the judge had *not* told the jurors that they were required to accept Alvarado's date of birth as conclusively proved, it still would have been error for the judge to take judicial notice of Alvarado's date of birth — because the recitation of Alvarado's birth date in the indictment was not an adequate legal foundation for taking judicial notice of that birth date.

As explained in Alaska Evidence Rule 201(b), a fact is not a proper subject of judicial notice unless that fact is not subject to reasonable dispute *because* it is either "(1) generally known within this state or (2) capable of accurate and ready determination

– 15 –

2636

by resort to sources whose accuracy cannot reasonably be questioned."[1] Under this test, judicial notice of Alvarado's date of birth might conceivably have been justified if the court had been presented with a copy of Alvarado's birth certificate or some other convincing official record — but not by the simple recitation of Alvarado's date of birth in an indictment.

But even though Alvarado's trial judge used the phrase "judicial notice" to describe what he was doing, the record shows that the judge actually obtained the parties' stipulation regarding Alvarado's date of birth.

Alvarado was in his mid-thirties when he committed the acts of abuse alleged here, and it was plain from his physical appearance alone that he was older than eighteen when he committed these crimes. In this context, Alvarado's attorney affirmatively told the trial judge that he had no objection if the judge instructed the jury that the date of birth recited in the indictment was conclusively proved.

As a matter of law, this was a stipulation — a "voluntary agreement between opposing parties concerning some relevant point".[2] The fact that the judge and the parties used the words "judicial notice" to describe what was happening does not alter the proper legal characterization of what the judge and the attorneys did.

This Court has held that the correct legal characterization of a pleading is determined by its subject matter, not by the title chosen by its author.[3] Similarly, the correct characterization of what happened in Alvarado's case is not determined by the

---

[1]  *See Jones v. State*, 215 P.3d 1091, 1099 (Alaska App. 2009).

[2]  *Black's Law Dictionary* (8th ed. 2004), "stipulation" (sense 2), p. 1455.

[3]  *See Shorthill v. State*, 354 P.3d 1093, 1113 (Alaska App. 2015) ("The character of a pleading is determined by its subject matter and not its designation."), quoting *Crawford v. State*, 337 P.3d 4, 15 (Alaska App. 2014).

label that the trial judge and the attorneys used to describe this occurrence, but rather by examining the practical effect of what the judge and the parties said and did.

Here, Alvarado's attorney told the judge that he had no objection if the judge told the jurors that Alvarado's correct date of birth was recited in the indictment, and that the jurors should take this date as proven. This was a stipulation regarding Alvarado's date of birth — and, because it was a stipulation, the judge could properly tell the jurors that they should consider this date of birth to be conclusively proved.

2636